UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re:

M.S. Eastchester, LLC

Case No: 10-48652-EPK

Debtor.

Chapter 11

_____/

**EMERGENCY APPLICATION OF DEBTOR-IN-POSSESSION FOR EMPLOYMENT OF PHILIP J. LANDAU AND SHRAIBERG, FERRARA & LANDAU, P.A. AS GENERAL BANKRUPTCY COUNSEL TO THE DEBTOR PURSUANT TO 11 U.S.C. § 327(a), *NUNC PRO TUNC* TO DECEMBER 22, 2010**

\*\* Emergency Hearing Requested Pursuant to Local Rule 9075-1 \*\*

In order for the Debtor to begin the process of reorganizing, the Debtor requires the immediate employment of counsel that specializes in Chapter 11 reorganizations to avoid immediate and irreparable harm as the Debtor must file motions from the onset of this case and corporations must be represented by counsel under Florida law. Accordingly, the Debtor respectfully requests that this motion be set for hearing on or before Monday, December 27, 2010.

M.S. Eastchester, LLC (the "Debtor"), requests the entry of an order, *nunc pro tunc* to December 21, 2010, pursuant to section 327(a) of the Bankruptcy Code, authorizing the employment of Philip J. Landau ("Mr. Landau") and the law firm of Shraiberg, Ferrara & Landau, P.A. ("SFL") to represent the Debtor in the above-captioned case (the "Case"), and respectfully states as follows:

1. On December 22, 2010, the Debtor filed a voluntary petition under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

2. The Debtor is operating its business and managing its assets as a debtor-in-possession pursuant to §§ 1107(a) of 1108 of the Bankruptcy Code. The Debtor is a limited liability company that owns a shopping center in High Pointe, North Carolina known as Eastchester Shopping Center.

1

3. As of the date hereof, no trustee, examiner, or statutory committee has been appointed in this Case.

4. The Debtor believes that it is in the best interests of the estate to retain SFL as general counsel in this case.

5. The Debtor believes that the attorneys of SFL have considerable experience in matters of this character, and believe that Mr. Landau, who will lead the case for SFL, is qualified to practice in this Court and is qualified to advise the Debtor on its relations with, and responsibilities to, the creditors and other interested parties in this proceeding.

6. The professional services SFL will render are summarized as follows:

a. to advise the Debtor generally regarding matters of bankruptcy law in connection with this Case and to advise the Debtor of the requirements of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, applicable bankruptcy rules, including local rules, pertaining to the administration of the Case and U.S. Trustee Guidelines related to the daily operation of its business and administration of the estate;

b. to represent the Debtor in all proceedings before this Court;

c. to prepare and review motions, pleadings, orders, applications, adversary proceedings, and other legal documents arising in the Case;

d. to negotiate with creditors, prepare and seek confirmation of a plan of reorganization and related documents, assist the Debtor with implementation of any plan; and

e. to perform all other legal services for the Debtor, which may be necessary.

7. Based on the foregoing services required, it is necessary for the Debtor to employ an attorney to perform such professional services. SFL has agreed to perform said services at the following hourly rates: $110.00 for legal assistants and $225.00–$425.00 for attorneys. The

hourly rate of Mr. Landau, the primary attorney on this case is currently $425.00. Under applicable provisions of the Bankruptcy Code, and subject to the approval of this Court, the Debtor proposes to pay SFL its aforementioned standard hourly rates and reimburse SFL for expenses according to SFL's customary reimbursement policies.

8. The hourly rates discussed above are SFL's standard hourly rates charged to all clients. These rates are subject to adjustment, generally on an annual basis to reflect, among other things, experience and seniority. Prior to filing this case, the Debtor paid to SFL a retainer of $50,000.00, which includes the $1,039.00 filing fee. Of this amount, $10,000.00 was applied by SFL as an earned on receipt flat fee for pre-bankruptcy matters including the preparation of all paperwork required to file this bankruptcy.

9. As set forth in the Affidavit of Proposed Attorney for the Debtor sworn to by Mr. Landau (the "Landau Affidavit"), to the best of Mr. Landau's knowledge, neither Mr. Landau, nor SFL represent any interest adverse to the Debtor, its estate, or its creditors. The Landau Affidavit is attached to this Application as EXHIBIT "A."

WHEREFORE, the Debtor respectfully requests an Order of the Court authorizing the retention of Philip L. Landau, Esq. and the law firm of Shraiberg, Ferrara & Landau, P.A., *nunc pro tunc* to December 22, 2010, under a general retainer to represent them in these proceedings under Chapter 11 U.S.C. §§ 327(a) of the Bankruptcy Code, to be approved by the Court, and that they have such other and further relief as is equitable and just.

Respectfully Submitted,

M.S. Eastchester, LLC

By: _____
Ward Snyder, Managing Member

## ATTORNEY CERTIFICATION

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished via Notice of Electronic Filing to those parties registered to receive electronic filings on the 22nd day of December 2010 to all persons on the attached Service List.

**SHRAIBERG, FERRARA & LANDAU, P.A.**
Proposed Attorneys for the Debtor
2385 NW Executive Center Drive, #300
Boca Raton, Florida 33431
Telephone: 561-443-0800
Facsimile: 561-998-0047
Email: plandau@sfl-pa.com

By: /s/ Philip J. Landau
Philip J. Landau
Florida Bar. No. 0504017
Lenore M. Rosetto
Florida Bar No. 064448
lrosetto@sfl-pa.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re:

M.S. Eastchester, LLC

               Debtor.
_____/

Case No: 10-48652-EPK

Chapter 11

## AFFIDAVIT OF PROPOSED ATTORNEY FOR DEBTOR-IN-POSSESSION

Philip J. Landau, being duly sworn states:

1. My name is Philip J. Landau. I am an attorney admitted to practice in the State of Florida and the United States District Court for the Southern District of Florida.

2. I am a Partner of Shraiberg, Ferrara & Landau, P.A. ("SFL"), with offices located at 2385 NW Executive Center Drive, Suite 300, Boca Raton, Florida 33431. I am familiar with the matters set forth herein and make this Affidavit in support of the *Emergency Application of Debtor-in-Possession for Employment of Philip J. Landau and Shraiberg, Ferrara & Landau, P.A. as General Bankruptcy Counsel to the Debtor Pursuant to 11 U.S.C. § 327(a) Nunc Pro Tunc to December 22, 2010* (the "Application").

3. In support of the Application, I disclose the following: Unless it otherwise states, this Affidavit is based upon facts of which I have personal knowledge. In preparing this Affidavit, I have reviewed a list of the debtor, M.S. Eastchester, LLC's (the "Debtor") secured creditors and unsecured creditors. I compared this information with the information contained in our law firm's client and adverse party conflict check index system. The facts stated in this Affidavit as to the relationship between other lawyers in our law firm and the Debtor, the Debtor's creditors and the United States Trustee, and other persons employed by the Office of the United States Trustee, and those persons and entities who are defined as disinterested persons

1


EXHIBIT A

in Section 101(14) of the Bankruptcy Code are based on the results of my review of our firm's conflict check index system. Specifically, I have conducted a search of our firm's records and disseminated a request for information to all of the attorneys in our firm regarding connections to the Debtor's creditors. Based upon our search, our firm does not represent any entity in any matter which would constitute a conflict of interest or otherwise impair the disinterestedness of our firm and the three companies, as of the time of this affidavit, do not hold claims against one another.

4. Our law firm's client and adverse party conflict check index system is comprised of records regularly maintained in the course of business of the firm and it is a regular practice of the firm to make and maintain these records. It reflects entries that are noted in the system at the time the information becomes known by persons whose regular duties include recording and maintaining the information. I regularly use and rely upon the information contained in the system in the performance of my duties with the law firm and in my practice of law.

5. A search of our firm's conflict check index system reveals that our firm does not presently represent any parties with interests adverse to the Debtor's estate.

6. The professional fees and costs incurred by SFL, incurred in the course of its representation of the Debtor, shall be subject in all respects to the application and notice requirements of 11 U.S.C. § 330 and 331 and Rules 2014 and 2016 of Federal Rules of Bankruptcy Procedure.

7. The hourly rates for the attorneys at SFL range from $225.00 to $425.00. The hourly rate for Philip J. Landau, the primary attorney on this case is currently $425.00. The hourly rate of the legal assistants at SFL is $110.00.

8. Prior to filing this case, the Debtor paid to SFL a retainer of $50,000.00, which includes the $1,039.00 filing fee. Of this amount, $10,000.00 was applied by SFL as an earned on receipt flat fee for pre-bankruptcy matters including the preparation of all paperwork required to file this bankruptcy.

9. There is no agreement of any nature, other than the partnership agreement of our firm, as to the sharing of any compensation to be paid to the firm. No promises have been received by SFL, nor any partner or associate thereof, as to the compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code.

10. No attorney in our firm holds a direct or indirect claim or equity interest in the Debtor or has a right to acquire such interest.

11. Except as set forth herein, no attorney in our firm has had or presently has any connection with the Debtor's creditors on any matter in which the firm is to be engaged, except that I, our law firm, its partners and associates: (i) may have appeared in the past, and may appear in the future, in other cases in which one or more of said parties may be involved; (ii) may represent or may have represented the Debtor or creditors in matters unrelated to this case.

12. This concludes my declaration.

FURTHER AFFIANT SAYETH NAUGHT.

_____
Philip J. Landau, Esq.

SWORN TO AND SUBSCRIBED before me, this 22nd day of December, 2010.

_____
Notary Public, State of Florida
Print Name: Vicki Chapkin
Commission No. DD870476

NOTARY PUBLIC-STATE OF FLORIDA
Vicki Chapkin
Commission # DD870476
Expires: APR. 30, 2013
BONDED THRU ATLANTIC BONDING CO., INC.