UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re:

M.S. Eastchester, LLC

Case No: 10-48652-EPK

Debtor.                                    Chapter 11

_____/

**DEBTOR-IN-POSSESSION'S EMERGENCY MOTION FOR AUTHORITY
TO USE CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363 AND TO
PROVIDE ADEQUATE PROTECTION AND SCHEDULE HEARING**

\*\* Emergency Hearing Requested Pursuant to Local Rule 9075-1 \*\*

The above-captioned debtor, requests an emergency hearing in this matter to prevent immediate and irreparable harm that would occur if the Debtor does not have immediate access to use of cash collateral to fund the continued operation of its business. As such, the Debtor respectfully requests that this motion be set for hearing on or before **Monday, December 27, 2010.**

M.S. Eastchester, LLC (the "Debtor"), by and through its undersigned proposed counsel, files this *Emergency Motion for Authority to Use Cash Collateral Pursuant to 11 U.S.C. §§ 105 and 363*, and in support thereof, respectfully states as follows:

### JURISDICTION

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested is 11 U.S.C. §§ 105 and 363 and Rule 4001(d)(1)(D), Federal Rules of Bankruptcy Procedure.

### BACKGROUND

3. On December 22, 2010, the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (the "Petition Date").

1

4. Pursuant to Bankruptcy Code sections 1107(a) and 1108, the Debtor is operating its business and managing its affairs as debtor-in possession. As of the date hereof, no trustee, examiner, or statutory committee has been appointed in this Chapter 11 case.

5. The Debtor is a limited liability company that owns a shopping center located at 274 Eastchester Drive, Highpoint, North Carolina 27261 (the "Shopping Center"). The Debtor believes the value of the Shopping Center is approximately $7,500,000.00.

6. Upon information and belief, the Debtor's prepetition secured creditor is SunTrust Bank (the "Secured Creditor") and is owed approximately $7,500,000.00. This debt is comprised of an approximately $6,500,000.00 senior mortgage and a derivative in the approximate amount of $1,000,000.00. On account of the mortgage, the Debtor was making interest only payments at a rate of 2.2%. The Debtor reserves the right to challenge the validity, priority and extent of the Secured Creditor's liens against the Debtor's assets.

7. Through this motion, the Debtor seeks an Order of this Court authorizing the Debtor to use cash collateral pursuant to 11 U.S.C. §§ 105 and 363, Federal Rules of Bankruptcy Procedure 4001(b)(2) and Local Rule 4001-3 since any cash collateral generated by the Debtor may constitute the cash collateral of the Secured Creditor.

## CASH COLLATERAL AND THE RELIEF SOUGHT BY THE DEBTORS

8. The Debtor's use of property of its estate is governed by section 363 of the Bankruptcy Code, which provides in pertinent part that:

> If the business of the debtor is authorized to be operated under section . . . 1108 . . . of this title and unless the court orders otherwise, the [debtor] may enter into transactions, including the sale or lease of property of the estate, in the ordinary course of business, without notice or a hearing, and may use property of the estate in the ordinary course of business without notice or a hearing.

2

11 U.S.C. § 363(c)(1). When a Chapter 11 debtor-in-possession is authorized to operate its business, it may use property of its estate in the ordinary course of business, but is absolutely prohibited from using cash collateral absent consent of the secured creditor or court authorization. *In re Kahn*, 86 B.R. 506 (Bankr. W.D. Mich. 1988). "Cash collateral" is defined by the Bankruptcy Code as, "cash, negotiable instruments, documents of title, securities, deposit accounts, or other cash equivalents whenever acquired in which the estate and an entity other than the estate have an interest . . . ." 11 U.S.C. § 363(a).

9. As set forth in the budget, attached hereto as **Exhibit "A"** (the "Budget"), the Debtor requires the use of cash collateral to fund all necessary operating expenses of the Debtor's business that are critical to the Debtor's ability to reorganize. The Debtor will suffer immediate and irreparable harm if it is not authorized to use cash collateral to fund the items set forth in the Budget. Without the use of cash collateral to pay ongoing operating expenses, the Debtor will be required to discontinue its business operations, which would cause immediate and irreparable harm not only to the Chapter 11 estate but to the potential recovery of creditors. It is only through the Debtor's continued business activities and the generation of revenues therefrom that the Debtor will be able to continue operating.

10. The Debtor acknowledges that the Secured Creditor assuming that it is properly secured and perfected in the cash collateral, may have a lien on the cash collateral in accordance with 11 U.S.C. §§ 361 and 363. In connection therewith and in an abundance of caution, the Debtor seeks the use of cash collateral in its operations and, as such, if necessary, it will provide adequate protection to the Secured Creditor pursuant to the terms hereof.

11. Therefore, the Debtor requests that the Court conduct a preliminary hearing pursuant to Rule 4001(b)(2) of the *Federal Rules of Bankruptcy Procedure* and authorize the Debtor to use cash collateral on an interim basis pending a final hearing in accordance with the Budget.

12. In addition to the protections set forth below, the Secured Creditor is adequately protected in that the Debtor's proposed Budget illustrates that the Debtor will be operating on a cash flow positive basis, the Debtor will provide the Secured Creditor with monthly interest only payments at a 2.2% rate in the amount of $13,750.00 (the "Adequate Protection Payment") and the Debtor agrees to grant the Secured Creditor replacements liens on any new receivables generated by the Debtor.

13. In order to ensure that the Debtor operates effectively throughout this bankruptcy proceeding, the Debtor also requests permission: (i) to exceed any line item on the budget by an amount equal to ten (10%) percent of each such line item; or (ii) to exceed any line item by more than ten (10%) percent so long as the total of all amounts in excess of all line items for the Budget do not exceed ten (10%) percent in the aggregate of the total Budget.

14. Supplemental to the adequate protection monthly payments and the replacement liens, the Debtor will furnish the Secured Creditor with such financial and other information as the Secured Creditor reasonably requests with respect to the Debtor's operations.

## APPLICABLE AUTHORITY FOR RELIEF REQUESTED

### A. The Secured Creditor Will Be Adequately Protected by Replacement Liens on Post-Petition Assets to the Extent their Prepetition Collateral Is Diminished by the Debtor's Use of Cash Collateral.

15. The Bankruptcy Code does not explicitly define "adequate protection" but does provide a non-exclusive list of the means by which a debtor may provide adequate protection, including "other relief" resulting in the "indubitable equivalent" of the secured creditors' interest in such property. *See* 11 U.S.C. § 361. Adequate protection may be provided by (1) making a "cash payment or periodic cash payments to [an] entity, to the extent that the stay under section 362 of this title, use, sale, or lease under section 363 of this title . . . results in a decrease in the value of [the] entity's interest in such property," (2) "providing to [an] entity an additional or replacement

lien to the extent that such . . . use . . . results in a decrease in the value of [the] entity's interest in such property" or (3) "granting such other relief. . . as will result in the realization by [an] entity of the indubitable equivalent of [the] entity's interest in such property." 11 U.S.C. §§ 361(1), (2), (3); see *In re Potvin Lumber Company, Inc.*, 24 B.R. 54 (Bankr. D. Vt. 1982).

16. Adequate protection is to be determined on a case-by-case factual analysis. See *Mbank Dallas, N.A. v. O'Connor (In re O'Connor)*, 808 F.2d 1393, 1396 (10th Cir. 1987). Adequate protection is necessary only to the extent the use of the secured creditor's collateral will result in a decrease in "the value of such entity's interest in such property." 11 U.S.C. §§ 361, 363(e); see *United Savings Ass'n of Texas v. Timbers of Inwood Forest Assocs., Ltd.*, 484 U.S. 365, 370–73 (1988).

17. Here, the Secured Creditor is only entitled to protection against the decline in value of its prepetition collateral resulting from the Debtor's use of cash collateral. The granting of the Adequate Protection Payments and replacement liens provides the Secured Creditor with more than sufficient adequate protection within the meaning of sections 361 and 363(e) of the Bankruptcy Code. As noted above, section 361(2) of the Bankruptcy Code expressly provides that the granting of a replacement lien constitutes a means of providing adequate protection. 11 U.S.C. § 361(2). See., e.g., *O'Connor, 808 F.2d 1393*; *In re Coody*, 59 B.R. 164, 167 (Bankr. M.D. Ga. 1986); *In re Dixie-Shamrock Oil & Gas, Inc.*, 39 B.R. 115, 118 (Bankr. M.D. Tenn. 1984).

18. Additionally, the interest of the Secured Creditor is adequately protected because the value of the Shopping Center is estimated to be equal to and may even be greater than the amount of the secured claim.

**B. The Use of Cash Collateral will Preserve the Debtor's Going Concern Value, Which will Inure to the Benefit of the Secured Creditor and other Creditors.**

19. The continued operation of Debtor's business will preserve its going concern value, enable the Debtor to capitalize on that value through a reorganization strategy, and ultimately

facilitate the Debtor's ability to confirm a Chapter 11 plan. However, if the Debtor is not allowed to use cash collateral, it will be unable to operate.

20. The Debtor will use the cash collateral during the interim cash collateral period to fund all necessary operating expenses of the Debtor's business.

21. If the Debtor cannot use cash collateral, it will be forced to cease operations, which will severely disrupt the Debtor's entire operations. By contrast, granting authority will allow the Debtor to maintain operations and preserve the going concern value of its business which will inure to the benefit of the Secured Creditor and all other creditors

22. The Debtor believes that use of cash collateral pursuant to the terms and conditions set forth above is fair and reasonable and adequately protects the Secured Creditor. The combination of: (i) the Debtor's ability to preserve the going concern value of the business with the use of cash collateral; and (ii) providing the Secured Creditor with the other protections set forth herein, adequately protects their alleged secured position under §361(2) and (3). For all of the reasons stated above, this Court's approval of the Debtor's use of cash collateral is proper herein.

23. The Debtor believes that the approval of this motion is in the best interests of the Debtor, its creditors and its estates because it will enable the Debtor to (i) continue the orderly operation of its business and avoid an immediate total shutdown of operations; (ii) meet its necessary ordinary course expenditures, and other operating expenses; and (iii) make payments authorized under other orders entered by this Court, thereby avoiding immediate and irreparable harm to the Debtor's estates.

24. A proposed order granting the relief requested is attached hereto as **Exhibit B.**

**WHEREFORE**, the Debtor respectfully requests that this Court enter an order: (i) granting the motion; (ii) authorizing the Debtor's use of cash collateral in accordance with the attached Budget and provide related adequate protection; (iii) permitting the Debtor to deviate from the

6

Budget in the amount of ten (10) percent to the extent necessary; (iv) scheduling a final hearing in order to authorize the Debtor's use of cash collateral; and (v) granting such other and further relief as this Court may deem just and proper.

**SHRAIBERG, FERRARA & LANDAU, P.A.**
Proposed Attorneys for the Debtor
2385 NW Executive Center Drive, #300
Boca Raton, Florida 33431
Telephone: 561-443-0800
Facsimile: 561-998-0047
Email: plandau@sfl-pa.com

By: /s/ Philip J. Landau
    Philip J. Landau
    Florida Bar. No. 0504017
    Lenore M. Rosetto
    Florida Bar No. 064448
    lrosetto@sfl-pa.com

## ATTORNEY CERTIFICATION

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished via Notice of Electronic Filing to those parties registered to receive electronic notices in this case, this 22nd day of December, 2010.

/s/ Philip J. Landau
Philip J. Landau

Projected Thirty Day Budget - M.S. Eastchester, LLC


EXHIBIT A

| INCOME | January of 2011 |
|---|---:|
| GROSS INCOME | $56,834.14 |
| **TOTAL GROSS INCOME** | $ 56,834.14 |
| | |
| **OPERATING EXPENSES** | |
| ACCOUNTING | $534.13 |
| BANK AND CREDIT CARD FEES | $ 21.61 |
| BUILDING REPAIRS | $1,621.98 |
| DUES AND SUBSCRIPTIONS | $311.72 |
| GAS AND ELECTRIC | $5,616.43 |
| INSURANCE | $ 1,329.42 |
| MAINTENANCE | $1,795.00 |
| MANAGEMENT FEE S | |
|     AIR TEAM | $36.17 |
|     ARBOR LANDSCAPING & LIGHTING | $80.00 |
|     WILLOUGHBY GOLF CLUB, INC. | $249.05 |
| MEALS | $1,133.84 |
| Travel | $1,133.84 |
| SECURED CREDITOR PAYMENT | $13,750.00 |
| SUPPLIES | $1,190.57 |
| TRASH | $543.43 |
| TENANT IMPROVEMENT | $244.33 |
| Taxes | $5,388.05 |
| US TRUSTEE FEES | $325 |
| **TOTAL OPERATING EXPENSE** | $ 35,304.57 |
| | |
| **NET INCOME** | $21,529.57 |



UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re:

M.S. Eastchester, LLC

              Debtor.

_____/

Case No: 10-48652-EPK

Chapter 11

**INTERIM ORDER GRANTING DEBTOR-IN-POSSESSION'S EXPEDITED MOTION FOR AUTHORITY TO USE CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363**

**THIS MATTER** came before the Court for hearing on December __, 2010 upon M.S. Eastchester, LLC's (the "Debtor") *Emergency Motion for Authority to Use Cash Collateral Pursuant to 11 U.S.C. § 363 and to Provide Adequate Protection and Schedule Hearing* (the "Motion") [D.E. ___]. The Court, having reviewed the Motion, hearing argument of counsel and being otherwise fully advised in the premises, hereby

    **ORDERS AND ADJUDGES**

        1.      The Motion is **GRANTED**.

1

2. <u>Use of Cash Collateral</u>. The Debtor shall be entitled to use cash collateral to pay all ordinary and necessary expenses in the ordinary course of his business for the purposes contained in the budget (the "Budget") attached as Exhibit "A." The Debtor is also authorized: (i) to exceed any line item on the budget by an amount equal to ten (10) percent of each such line item; or (ii) to exceed any line item by more than ten (10) percent so long as the total of all amounts in excess of all line items for the Budget do not exceed ten (10) percent in the aggregate of the total Budget. The Debtor is entitled to use any profit, after payment of the expenses listed on the Budget, toward his living expenses.

3. <u>Replacement Liens as Adequate Protection to Secured Creditor</u>. Notwithstanding the provisions of Section 552(a) of the Bankruptcy Code, and in addition to the security interests preserved by Section 552(b) of the Bankruptcy Code, the Debtor grants in favor of the Secured Creditor, SunTrust Bank (the "Secured Creditor") security for all indebtedness that is owed by the Debtor to the Secured Creditor, under their secured documentation, but only to the extent that the Secured Creditor's cash collateral is used by the Debtor, a first priority post-petition security interest and lien in, to and against all of the Debtor's rental income, to the same extent that the Secured Creditor held a properly perfected prepetition security interest in the rental income, which is or has been acquired, generated or received by the Debtor subsequent to the Petition Date. Under no circumstances shall the Secured Creditor have a lien on any of the Debtor's assets that they did not have a right to prepetition.

4. <u>Adequate Protection Payment.</u> As additional adequate protection, the Debtor shall pay to the Secured Creditor, the sum of $13,750.00 per month..

2

5. <u>No Novation or Modification</u>. This Order shall not cause a novation, accord and satisfaction, extension, or any other modification or change of any of Secured Creditor's secured documentation.

6. <u>Creditor Not Deemed Owner or Operator</u>. Solely by agreeing to the use of cash collateral by the Debtor, the Secured Creditor shall not be deemed to have assumed any liability to any third person, and shall not be deemed to be in control of the operations of the Debtor or to be acting as a "responsible person" or "owner or operator" with respect to the operation or management of the Debtor or of his assets.

7. <u>Non-Waiver of Rights and Remedies</u>. This Order is not intended to and shall not prejudice, alter, affect or waive any rights and/or remedies of Debtor or the Secured Creditor with respect to liens, claims, value determinations and all other matters under the Bankruptcy Code or applicable non-bankruptcy law (including, but not limited to, all matters pertaining to cash and other collateral) and does not bind any subsequently appointed trustee or committee. This Order and the payment and acceptance of any payment provided herein shall not be determinative of or otherwise affect any adjudication as to the value of the Debtor's real and personal property or constitute an interest rate or amortization binding on any party, and shall have no affect on any subsequent filings of the Secured Creditor, including, but not limited to, a motion for stay relief.

8. <u>Duration</u>. The provisions of this Order shall remain in effect until _____ ___, 20__.

9. <u>Final Hearing</u>. This Court shall hold a final hearing on cash collateral on _____ ___, 2011 at __:____ __.m. at the United States Bankruptcy Courthouse, Flagler

3

Waterview Building, 1515 North Flagler Drive, 8th Floor, Courtroom B, West Palm Beach, Florida 33401.

###

**SUBMITTED BY: SHRAIBERG, FERRARA & LANDAU, P.A.**
Proposed Attorneys for Debtor
2385 NW Executive Center Drive, #300
Boca Raton, Florida 33431
Tel.: 561-443-0800
Facsimile: 561-998-0047
Email: plandau@sfl-pa.com
Philip J. Landau, Esq. is directed to serve copies of this Order upon all interested parties and to file a certificate of service with the Court.

4